IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFTON QUALITY PEANUTS, LLC, | |
| Plaintiff, | 4:25CV3113 |
| vs. | |
| MARATHON VENTURES, INC., and HALIFAX WEST HOLDINGS, LLC, | MEMORANDUM AND ORDER |
| Defendants. | |

Before the Court is Plaintiff's Motion for Leave to Serve Jurisdictional Discovery and Stay Response Deadline to Motion to Dismiss. Filing No. 20. For the reasons set forth herein, the motion will be granted.

## BACKGROUND

The operative complaint is an Amended Complaint that was filed on June 24, 2025. The Amended Complaint alleges claims of breach of contract and unjust enrichment related to unpaid invoices for peanut products and monies allegedly owed to Plaintiff for such products. Relevant to this motion, in the Amended Complaint, Plaintiff alleges Defendant Halifax West Holdings, LLC ("Halifax") is a California limited liability company with its principal place of business in California. Plaintiff alleges Halifax acquired Defendant Marathon Ventures, Inc. ("MV"), a Nebraska corporation that has its principal place of business in Nebraska, on or about October 2024 and, further, that MV continued to operate as a distinct venture until May 20, 2025. Filing No. 15. Pursuant to the Amended Complaint, MV made

1

proposed payment schedules to Plaintiff after the alleged acquisition in October, 2024.

Plaintiff alleges this Court has personal jurisdiction over Halifax pursuant to Neb. Rev. Stat. § 25-536(2) ("A court may exercise personal jurisdiction over a person . . . [w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States."). On July 7, 2025, Halifax filed a Motion to Dismiss the Amended Complaint, which was based, in part, on lack of personal jurisdiction. Filing No. 17.

In support of its Motion to Dismiss, Halifax submitted a declaration which asserts that a separate entity, in which Halifax owns a 50% interest, is the company that acquired MV. In support of the present motion, Plaintiff provided the Court with evidence of Halifax's connections to MV including a press release purporting to show Halifax acquired MV in October 2024 and information that this same press release was posted on the Principal and Founder of Halifax, Ramesh Swamy, personal Instagram account on or about October 16, 2024. Plaintiff also submitted a Trademark Assignment dated April 9, 2025 which is signed by Mr. Swamy on behalf of MV and Docusign information indicating Mr. Swamy signed the documentation from the email address "ramesh@halifaxwest.com". Filing No. 22-6.

## ANALYSIS

Jurisdictional discovery is appropriate when "certain facts necessary to resolving the jurisdictional inquiry are either unknown or disputed." *Hillesheim v. Desert Shops, LLC*, No. 8:18CV02, 2018 WL 3057841, at *2 (D. Neb. June 20, 2018), citing *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011); *see also Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008) (concluding "the district court should not have dismissed" an action

without permitting the plaintiff "to take some jurisdictional discovery to establish whether . . . personal jurisdiction would be justified.").

Plaintiff argues the evidence[1] submitted provides it with a basis to perform jurisdictional discovery in order to "ascertain the veracity of the affiant's assertions and to establish whether and to what extent contacts were had with the State of Nebraska in connection with this acquisition, including but not limited to, [Halifax's] contacts, by and through its principal and as agent of any other acquiring entity, made during the time [MV] made promises to pay [Plaintiff] in November and December 2024, along with payment schedules that were proposed and accepted." Halifax takes issue with Plaintiff's request for discovery for two reasons: (1) it argues everything the Court and Plaintiff need to determine the propriety of personal jurisdiction is in Ramesh Swamy's Declaration, which it submitted in support of its motion to dismiss, and (2) the documents Plaintiff produced in support of its motion do not warrant jurisdictional discovery.

Upon review of the documents and arguments submitted, the undersigned finds Plaintiff submitted documentary evidence beyond mere speculation or conclusory allegations about Halifax's contacts with Nebraska—including contacts regarding the goods and payments making up the underlying dispute. *See Steinbach*, 518 F.3d. at 589. Under such circumstances, Plaintiff will be permitted to perform jurisdictional discovery before the court rules on the pending motions to dismiss. *See Lakin v. Prudential Securities Inc.,* 348 F.3d 704, 713 (8th Cir. 2003) (district court abused discretion when it denied motion to conduct jurisdictional discovery and several questions of fact existed regarding business and internet contacts with forum); *Steinbuch,* 518 F.3d at 589. (concluding "the district court

---

[1] Halifax takes issue with Plaintiff's evidence, arguing it lacks foundation and authenticity, is inadmissible hearsay and "do[es] not hav[e] any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence." The Court considers the evidence for what it is – notice of Halifax's potential contacts with the forum.

should not have dismissed" an action without permitting the plaintiff "to take some jurisdictional discovery to establish whether . . . personal jurisdiction would be justified"); *Marolf v. AyA Aguirre & Aranzabal S.A.*, No. 4:09CV3221, 2010 WL 964956, at *2 (D.Neb. March 10, 2010) (Kopf, J) (same); see also *Mosaic Leasing, LLC v. JetLinx Aviation, LLC*, 8:24CV138 (D.Neb. Oct. 7, 2024) (Rossiter, J).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Serve Jurisdictional Discovery and Stay Response Deadline to Motion to Dismiss, Filing No. 20, is granted.

    a. Plaintiff is given leave to conduct jurisdictional discovery. Counsel are ordered to confer in good faith and propose a joint discovery plan or stipulation to the court, no later than August 21, 2025, covering the topics and methods of discovery. Discovery should be limited to determine whether Halifax has sufficient contacts with Nebraska to subject it to personal jurisdiction in this Court.

    b. A telephonic conference with the undersigned magistrate judge will be held on August 22, 2025 at 8:30 a.m. to discuss a discovery schedule and the schedule for further briefing on the pending motion to dismiss, if not already stipulated to by the parties.

    c. The deadline for Plaintiff to response to Halifax's motion to dismiss is stayed pending further order of the Court.

Dated this 8th day of August, 2025.

BY THE COURT:

<u>s/ Jacqueline M. DeLuca</u>
United States Magistrate Judge
