IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFTON QUALITY PEANUTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARATHON VENTURES, INC., and HALIFAX WEST HOLDINGS, LLC,<br><br>Defendants. | 4:25CV3113<br><br>ORDER |

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m). "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. Proc. 5(a)(2). Additionally, this Court's local rules provide that: "At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." NECivR 41.2.

Plaintiff filed a complaint against Defendants Marathon Ventures, Inc. ("Marathon") and Halifax West Holdings, LLC ("Halifax")[1] on May 15, 2025. Filing No. 1. Plaintiff filed a return of service indicating service on Marathon on May 16, 2025. Filing No. 9. Marathon

---

[1] Halifax moved to dismiss the original and the amended complaint for failure to state a claim, lack of personal jurisdiction, and lack of subject-matter jurisdiction. Filing No. 12; Filing No. 17. The motion to dismiss for lack of subject-matter jurisdiction does not encompass Plaintiff's claims against Marathon. Halifax is moving to dismiss for lack of subject-matter jurisdiction on the grounds that there is no case or controversy alleged against Halifax.

1

did not file an answer or other responsive pleading, and Plaintiff never moved for Clerk's entry of default.

On June 24, 2025, Plaintiff amended its complaint against Marathon and Halifax as of right. Filing No. 15; *see* Fed. R. Civ. Proc. 15(a)(1)(B). Plaintiff has not filed a return of service indicating service of the First Amended Complaint on Marathon[2] and Marathon has not voluntarily appeared.

Accordingly,

IT IS ORDERED that Plaintiff shall have until November 21, 2025 to show cause why its claims against Marathon should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this Order may result in dismissal of Plaintiff's claims against Marathon without further notice.

Dated this 22nd day of October, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

---

[2] Plaintiff certified it sent Marathon a copy of the First Amended Complaint (without the summons) via first class mail. Filing No. 15 at 7. This is not a method of service authorized by Rule 4. *See* Fed. R. Civ. Proc. 4(h); Neb. Rev. Stat. § 25-509.01.