IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFTON QUALITY PEANUTS, LLC,<br>Plaintiff,<br><br>vs.<br><br>HALIFAX WEST HOLDINGS, LLC,<br>Defendant. | **4:25CV3113**<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Clerk's Entry of Default, Filing No. 55, and Defendant's Motion for Leave to File the Answer Out of Time and Resistance to Plaintiff's Motion for Clerk's Entry of Default, Filing No. 56.

Plaintiff initially filed the Complaint in May 2025. Filing No. 1. Defendant appeared and timely filed a Motion to Dismiss. Filing No. 12. Plaintiff amended the complaint as a matter of right, Filing No. 15, and Defendant timely moved to dismiss the Amended Complaint. Filing No. 17. With the Court's leave, the parties engaged in jurisdictional discovery. Filing No. 26; Filing No. 33-2. Defendant then consented to personal jurisdiction, Filing No. 45, and filed an amended Motion to Dismiss. Filing No. 46. The Court denied Defendant's motion in September 2026, Filing No. 52, and entered a Scheduling Order.

The Scheduling Order set September 22, 2026 as the deadline for Defendant to respond to the Amended Complaint. Filing No. 53. Defendant did not timely respond and Plaintiff moved for Clerk's entry of default on September 28—six days after the deadline lapsed. The following day, Defendant moved for leave

to untimely file an Answer. Defendant attached the Answer it is seeking leave to file to its motion.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B). When a party fails "to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Proc. 55(a). The Court may also perform the ministerial function of entering default. *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. CV-09-S-773, 2013 WL 3357167, at *1 (N.D. Ala. July 1, 2013). "The Court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion." *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C 1955).

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. Proc. 55(c). The Court looks to "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Garden City Boxing Club, Inc. v. Cortez*, No. 8:07CV360, 2008 WL 961905, at *1 (D. Neb. Apr. 9, 2008) (quoting *Johnson v. Dayton Elec. Mtg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)). There is a difference "between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. A plaintiff is not prejudiced by "delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Id.* at 785. The judicial preference is adjudication on the merits. *Id.* at 784 (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)).

Defendant missed the deadline to file an Answer because of a calendaring mistake. Filing No. 59-1 at 1. When Plaintiff moved for Clerk's entry of default, Defendant moved the next day to file its Answer. Plaintiff submitted evidence this

is counsel's second calendaring error. Filing No. 62-1 at 3. Defendant's Answer was only six days late when Plaintiff moved for Clerk's entry of default.

There is good cause to allow Defendant to file the Answer out of time. Upon review of the docket, Defendant is generally consistently meeting deadlines. Even considering this is counsel's second calendaring mistake, Defendant's conduct falls short of "contumacious or intentional delay or disregard for deadlines." Plaintiff is not prejudiced by the very short delay. There is no reason this case should not be resolved on the merits when Defendant is able and willing to answer the Amended Complaint.

**CONCLUSION**

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion for Clerk's Entry of Default, Filing No. 55, is denied.
2) Defendant's Motion for Leave to File the Answer Out of Time, Filing No. 56, is granted. Defendant shall file the Answer, a copy of which is attached to its motion, on or before **October 5, 2026**.
3) The stay of the Rule 26(f) report and mandatory disclosure deadlines is lifted.
    a. Counsel for the parties shall confer and, on or before **October 14, 2026**, they shall jointly file a Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms. Unless the parties agree otherwise, Plaintiff shall prepare the initial draft of the Report and then forward it to Defendant for further additions or revisions.
    b. On or before **October 7, 2026**, a party shall contact the chambers of the undersigned magistrate judge to set a conference call if:
        i. One or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report; or

ii. The parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report; or

iii. The parties are currently and actively pursuing settlement and believe preparing and filing a Rule 26(f) Report may be unnecessary.

c. Mandatory disclosures shall be served by **October 14, 2026**.

Dated this 2nd day of October, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge